IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOBERT LEE WHITT, JR., )
      Petitioner, )
) Civil Action No. 13-7 Erie
v. ) Magistrate Judge Susan Paradise Baxter
)
MICHAEL HARLOW, et al., )
      Respondents. )

## AMENDED OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Hobert Lee Whitt, Jr. [ECF No. 8]. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on August 29, 2005. Respondents have filed a motion to dismiss in which they assert that Petitioner's claims are untimely. [ECF No. 16]. For the reasons set forth below, the motion to dismiss is granted, the petition for a writ of habeas corpus is dismissed with prejudice, a certificate of appealability is denied, and Petitioner's motion to appoint counsel [ECF No. 18] is denied.

### I.

**A.**    **Relevant Background**[2]

In 2005, Petitioner appeared before the Court of Common Pleas of Erie County and pleaded guilty to one count of burglary and one count of criminal conspiracy. The court sentenced him on August 29, 2005, and amended its sentencing order on September 12, 2005. (CP Dkt. Nos. 6, 10).

The Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence on May 24, 2006. (CP Dkt. No. 20). Petitioner did not file a petition for allowance of appeal ("PAA") with the

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents have submitted the Common Pleas Court's file for Petitioner's criminal case. It contains documents numbered 1 through 31. Those documents shall be cited as "CP Dkt. No. __."

1

Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on or around June 24, 2006, upon expiration of the 30-day time limit to file a PAA. Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around August 17, 2006, Petitioner filed a *pro se* PCRA motion with the Common Pleas Court. (CP Dkt. No. 21). It appointed William J. Hathaway, Esquire, to represent Petitioner and he subsequently filed a supplemental motion for PCRA relief. (CP Dkt. No. 23). The Common Pleas Court scheduled an evidentiary hearing. However, Petitioner decided to withdraw his request for PCRA relief and, in accordance with his wishes, on October 23, 2006, the Common Pleas Court issued an Order in which it dismissed the PCRA proceeding as moot. (CP Dkt. No. 28).

On or around January 9, 2013, Petitioner filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that his due process rights were violated because: (1) he did not have counsel at his preliminary hearing; (2) he was "pushed to sign" a waiver which held his charges over for trial; and, (3) he was arraigned without counsel. He also claims that he was not given his Miranda warnings.

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondents have filed a motion to dismiss in which they contend that Petitioner's claims must be dismissed because they are untimely under the statute of limitations set forth in AEDPA, which is codified at 28 U.S.C. § 2244(d). [ECF No. 16]. Petitioner did not file a reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer."). He did file a motion to appoint counsel. [ECF No. 18].

**B.     Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) applies in this case, with AEDPA's limitation period commencing for each of Petitioner's claims on the date his judgment of sentence became final. As set forth above, that date is June 24, 2006. Therefore, AEDPA's limitation period began to run on that date. Swartz, 204 F.3d at 419. He filed a timely PCRA motion about 54 days later, on August 17, 2006. That PCRA motion statutorily tolled AEDPA's limitations period beginning on that date. 28 U.S.C. § 2244(d)(2).

The PCRA proceeding concluded on or around on October 23, 2006, the date the Common Pleas Court dismissed the PCRA proceeding as moot upon Petitioner's request. (CP Dkt. No. 28). AEDPA's limitations period began to run again the next day, on October 24, 2006. Since about 54 days had

3

expired already from the limitations period, Petitioner had 311 more days – until on or around August 31, 2007 – to file a timely federal habeas petition. He did not file the instant petition until January 9, 2013, which is approximately **5 years and 4 months** outside of the limitations period. Therefore, his claims are untimely and must be dismissed with prejudice for that reason.[3]

Finally, Petitioner's motion for appointment of counsel is denied. [ECF No. 18]. He has no constitutional right to counsel in this habeas proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, because this is a non-capital case, he has no statutory right to counsel either. See 18 U.S.C. § 3599(a)(2). Whether to appoint counsel in this action lies within the discretion of the Court (unless there is an order for an evidentiary hearing, see Rule 8 of the Rules Governing Section 2254 Cases). There is no reason for the Court to exercise that discretion and appoint counsel in this case.

**C.    Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

---

[3] The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to *equitable tolling* in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Petitioner does not argue that equitable tolling applies to this case and there is nothing in the record that would indicate to the Court that it applies.

4

of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether Petitioner's claims should be dismissed as untimely. Accordingly, a certificate of appealability shall be denied.

## II.

For the reasons set forth above, the motion to dismiss [ECF No. 16] is granted, the petition for a writ of habeas corpus is dismissed with prejudice, a certificate of appealability is denied, and Petitioner's motion to appoint counsel [ECF No. 18] is denied. An appropriate Order follows.

Dated: June 30, 2014

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOBERT LEE WHITT, JR.,  )
    Petitioner,  )
) Civil Action No. 13-7 Erie
v.  ) Magistrate Judge Susan Paradise Baxter
)
MICHAEL HARLOW, et al.,  )
    Respondents.  )

## AMENDED ORDER

AND NOW, this **30th** day of **June, 2014**;

IT IS HEREBY ORDERED that the motion to dismiss [ECF No. 16] is GRANTED, the petition for a writ of habeas corpus is DISMISSED with prejudice because Petitioner's claims are untimely, and a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel [ECF No. 18] is DENIED.

The Clerk of Courts is directed to close this case.


                               /s/ Susan Paradise Baxter
                               SUSAN PARADISE BAXTER
                               United States Magistrate Judge